NATHANIEL MOULTON & *als. versus* BENJAMIN EDGCOMB.

Where one, by will duly proved, devised land to his daughter and her husband during their natural life, then to his daughter's heirs after her, the heirs' right of possession will remain twenty years next after the death of the survivor of the joint tenants.

Where one has title and enters into the possession of land, he is presumed to claim by his title, and not by wrong.

Hence, where land was, by will duly proved in 1810, devised to the testate's daughter S., and her husband W., during their natural life, then to her heirs after her; and, in Nov. 1818, W. and S. executed a deed of warranty, duly recorded, of the premises to C., who immediately thereupon went into possession; and possession by himself and assigns, down to the present defendant, has been continued down to April, 1860, when this action was commenced:—*Held,* that the defendant and those under whom he claims cannot be regarded as having been in actual possession, &c., under c. 105, § 15, of the R. S.

ON REPORT.

The facts sufficiently appear in the opinion of the Court.

*J. M. Meserve,* for plaintiffs.

*Record & Luce,* for defendant.

The opinion of the Court was drawn by

GOODENOW, J.—This is a writ of entry, dated April 3, 1860, to recover a lot of land in Livermore. The demanded premises were formerly owned by Othniel Pratt, who, by his will, duly proved on the 27th of February, 1810, devised the same to his daughter, Sarah Moulton, and her husband, William Moulton, during their natural life, then to her heirs after her. The plaintiffs are all the children and heirs at law of said Sarah Moulton. She died in the year 1819, and William Moulton, her husband, in January, 1851.

On the 24th of November, 1818, William Moulton and his wife Sarah made and executed a deed of warranty of the premises to Ebenezer Cummings, which was duly recorded, August 18, 1821. The said Cummings went into possession of said premises, under his deed, immediately after its execution, and possession by himself and his grantees,

or their assigns, has been continued to the present time. The defendant claims under said Cummings, by virtue of several mesne conveyances. The plaintiffs claim under said will of Othniel Pratt.

William Moulton and his wife had a life estate only in the premises, under the will of Pratt. *Pratt* v. *Leadbetter*, 38 Maine, 8. They could convey to Cummings no greater estate than they held; and this they could convey, and did *legally* convey, by our statute, although the attempt to convey an estate in fee, when they had only an estate for life, would have operated as a forfeiture at common law. The life estate terminated at the death of the survivor of the joint tenants in 1851, when the right of possession vested in the plaintiffs as heirs of Sarah Moulton.

The fifteenth section of R. S., c. 105, is no bar to this action.

The defendant, and those under whom he claims, cannot be regarded as having been in actual possession of the premises for more than forty years, claiming to hold them by *adverse*, open, peaceable, notorious and exclusive possession, in their own right. Cummings went in under his deed. When a man has title and enters into the possession of land, he is presumed to claim by his title, and not by wrong. The subsequent grantees and their assigns claimed by their deeds. These possessions were not *adverse*. The plaintiffs could bring no action till their right of possession accrued. They could claim no forfeiture, upon the ground that Moulton and his wife, in 1819, had undertaken to convey a greater estate than they had; a fee, when they owned only an estate for life.

Their right of possession would remain twenty years from January, 1851, when William Moulton died.

Upon the facts submitted, there must be judgment for the plaintiffs for *possession of the demanded premises and for costs.*

TENNEY, C. J., APPLETON, CUTTING, MAY and DAVIS, JJ., concurred in the result.